J-S20017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MEREDITH SEDDON, | |
| Appellant | No. 761 WDA 2014 |

Appeal from the Judgment of Sentence Entered April 8, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013880-2005

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 21, 2015**

Appellant, Meredith Seddon, appeals from the judgment of sentence entered on April 8, 2014, following the revocation of his probation at CP-02-CR-0013880-2005.   After careful review, we vacate and remand for resentencing.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> [Appellant] has appealed from the judgment of sentence entered on April 8, 2014 following the third revocation of [Appellant's] probation.  A review of the record reveals that [Appellant] has failed to present any meritorious issues on appeal and, therefore, the judgment of sentence must be affirmed.
>
> [Appellant] was charged [at docket number CP-02-CR-0013880-2005] with Rape, Involuntary Deviate Sexual Intercourse and Sexual Assault following an incident which occurred with his wife's mentally challenged 20-year old niece. He appeared before this Court on June 27, 2006 and, pursuant

to a plea agreement, pled guilty to Sexual Assault (the other charges were withdrawn) and was immediately sentenced to a term of imprisonment of two (2) to four (4) years, with a concurrent term of probation of five (5) years. No Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] next appeared before this Court on June 20, 2011. At that time, he pled guilty to two other informations (CC 201103100 relating to the Failure to Register and CC 2011013967 relating to Receiving Stolen Property and DUI). At that hearing, this Court also revoked [Appellant's] probation at [CC 0013880-2005,] the above-captioned information and imposed a term of imprisonment of six (6) to 12 months, with an additional term of probation of three (3) years. Again, no Post-Sentence Motions were filed and no direct appeal was taken.

On October 2, 2012, [Appellant] again appeared before this Court for a probation violation hearing resulting from another new conviction at CC 201206453, relating to the Failure to Register under Megan's Law. At that hearing, this Court revoked [Appellant's] probation [at CC 0013880-2005] and imposed a new term of probation of three (3) years consecutive to the sentence at CC 201206453. Again, no Post-Sentence Motions were filed and no direct appeal was taken.

On April 8, 2014, [Appellant] again appeared before this Court for a probation revocation hearing, this time resulting from three (3) new convictions at CC 201308922 (relating to DUI and other charges) and CCs 201315081 and CC 201309009 (both relating to Flight to Avoid Apprehension and Conspiracy). This Court revoked [Appellant's] probation [in the instant case at CP-02-CR-0013880-2005] and imposed a term of imprisonment of three (3) to six (6) years. Timely Post-Sentence Motions were filed and were denied on April 19, 2014. This appeal followed.

Trial Court Opinion, 12/3/14, at 1-2 (footnotes omitted).

On appeal, Appellant raises the following issue for this Court's consideration:

Was the sentence imposed manifestly excessive, unreasonable, and an abuse of discretion where the court failed to consider the rehabilitative needs of [Appellant], failed to order a presentence

report, and focused on erroneous and improper factors in fashioning a sentence?

Appellant's Brief at 4 (full capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence. An appellant seeking to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. *Commonwealth v. Kalichak,* 943 A.2d 285, 289 (Pa. Super. 2008); 42 Pa.C.S. § 9781(b). However, before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). *See also* Pa.R.Crim.P. 708, cmt. (discussing proper preservation of issues challenging discretionary aspects of a sentence imposed following a revocation hearing).

We note that Appellant has met the first three parts of the four-prong test: Appellant timely filed an appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to

Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** at 912–913.

In his Rule 2119(f) statement, Appellant argues that the trial court imposed an excessive sentence relying on improper factors, which included the mistaken belief that Appellant possessed a firearm and was involved in a high speed chase during one of the new crimes that resulted in his probation revocation. Appellant's Brief at 11. We conclude that Appellant has raised a substantial question. ***See Commonwealth v. P.L.S.***, 894 A.2d 120, 127 (Pa. Super. 2006) (holding that a claim that the sentencing court considered impermissible factors raises a substantial question).

Our standard of review in cases involving the challenges to the discretionary aspects of a sentence is well settled. We have explained that:

> [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment

exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283–84 (Pa. Super. 2012).

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

***Commonwealth v. Colon***, 102 A.3d 1033, 1043-1044 (Pa. Super. 2014).

In the case at bar, the notes of testimony from Appellant's ***Gagnon II*** hearing,[1] which are reproduced below, reveal the trial court's mistake:

> THE COURT: Well, although I will say at the onset that I appreciate [Justice Related Services ("JRS")] and the work that they do, I do not think that [Appellant] is an appropriate candidate. They've been supervising you for eight years, and really you've not done very much right. The original charge was a rape charge which was reduced. You were a convicted violator for failure to register for Megan's Law, which I think is a very serious offense under the circumstances. You're also a convicted violator for being in a **high speed chase with a gun**. You're also a convicted violator for being arrested for assault, although I believe those charges may have been withdrawn. On June 22, again you were arrested for failure to register.
>
> You've been given a number of opportunities to seek rehabilitation, and you have failed to do so. This Court thinks that you are a habitual criminal, and your combination of violence, **guns** and sexual assault leads this Court to believe that you are a danger.
>
> At Count 3, I order you to pay the costs, to undergo a term of three to six years effective today. You have the right to appeal the decision of this Court within 30 days, the right to have a lawyer, I would appoint one to represent you free of charge.
>
> [Counsel for Appellant] MR. KUSTRA: Your Honor, I'd ask the Court to **reconsider that sentence and perhaps order a pre-sentence report**. He - -
>
> THE COURT: Tell me what you've done right.
>
> [Appellant]: I try. I really try.
>
> THE COURT: You're trying, but you're not trying. **You did a high speed chase. That's just running from the cops. You had a gun.**

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[Appellant]: **It wasn't a high speed chase. I wasn't involved in a high speed chase. I wasn't carrying a gun. I don't know where you're getting the information of all of that at.** There was no - -

THE COURT: **I could be wrong. Let me double check**.

[Appellant]: There was no gun involved. I don't carry weapons. And I wasn't involved in a high speed chase. I'm a father who, yeah, I got a drinking problem, and I had some mental health issues.

THE COURT: **I think you are right. I see no gun charge. Do you see a gun charge?**

[Office of Probation] MS. LYNN: No, Your Honor.

THE COURT: I'm sorry.

MS. LYNN: The one flight to avoid apprehension. The case ending in 9009, the details of the police report, the short summary that's in here, I mean, there was obviously a car involved. He took Alicia Diamond's truck to avoid apprehension, and in the other case it was a situation of him hiding in a hotel bathroom. There was a car involved in the second - -

[Appellant]: I borrowed my girlfriend's car to go see my lawyer. That's where - -

THE COURT: That's not against the law? Okay Bernie, I'm done.

(At this juncture, the above-entitled matter was concluded.)

N.T., 4/8/14, at 5-7 (emphases added).

As illustrated in the quoted text above, the trial court admitted that it relied on incorrect facts to support the sentence it imposed. However, despite this admitted mistake, the trial court did not address the error and provided no other reasons for its sentence.

After review, we agree with Appellant's claim of sentencing court error. The trial court clearly relied, at least in part, on improper, if not non-

existent, factors when it fashioned Appellant's sentence. As such consideration was improper, we are constrained to vacate and remand for resentencing at which time the trial court shall place on the record its reasons for the sentence imposed.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Wecht joins the Memorandum.

P.J.E. Ford Elliott Notes Dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2015